**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CLARENCE ALLEN** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Cause No.: 4:26-CV-1793 |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **TRIAL BY THE COURT DEMANDED** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW, Plaintiff Clarence Allen ("Plaintiff"), by and through his undersigned counsel, Katrina Hudson of Morgan & Morgan, and for his cause of action against Defendant United States of America ("Defendant"), states to the Court as follows:

employment, negligently backed a USPS vehicle into Plaintiff's parked vehicle.

## JURISDICTION AND VENUE

1. This suit is brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, against the United States of America.

2. United States Postal Service ("USPS") employee, Thomas Parish ("Parish"), acted negligently while acting within the scope of his federal employment, causing injury to Plaintiff.

3. Defendant United States of America is the only proper defendant under the FTCA. 28 U.S.C. §§ 1346(b), 2674.

4. 28 U.S.C. § 1346(b) vests exclusive subject matter jurisdiction of civil actions on

claims against the United States of America for, inter alia, personal injury caused by the negligence of any employee of the Government acting within the scope of his employment.

5. Venue is proper in the Eastern District of Missouri under at least 28 U.S.C. §1391(b)(1) and (2) because Plaintiff was first injured in St. Louis County, Missouri, within the Eastern District of Missouri, and is and was at all times relevant hereto a resident of the same.

## ADMINISTRATIVE HISTORY

6. Plaintiff has satisfied the FTCA's administrative prerequisite pursuant to 28 U.S.C. § 2675(a).

7. Plaintiff presented an SF-95 package to USPS National Tort Center via certified mail, within the prescribed two-year time period, on or about January 30, 2026.

8. The SF-95 package was received by the USPS National Tort Center on or about February 16, 2026.

9. USPS issued a final written disposition on or about September 3, 2026.

## FACTUAL ALLEGATIONS

10. That on or about June 18, 2024 at approximately 5:40 p.m., Plaintiff's vehicle was parked in front of 2266 Burwell Drive.

11. That Burwell Drive is a public thoroughfare which passes through, among other areas, St. Louis County, Missouri, within the Eastern District of Missouri.

12. That Plaintiff was seated inside the parked vehicle.

13. That, at that same time and place, Parish was operating a USPS motor vehicle traveling in a generally eastbound direction on Burwell Drive approaching the intersection with Linell Drive.

14. That Linell Drive is a public thoroughfare which passes through, among other areas,

St. Louis County, Missouri, within the Eastern District of Missouri.

15. That Parish missed a delivery stop and began reversing the USPS motor vehicle in a generally westbound direction on Burwell Drive.

16. That Parish, failing to maintain a careful lookout, reversed the USPS motor vehicle into Plaintiff's parked vehicle.

17. That Plaintiff did not have a chance to avoid the collision due to its sudden and unforeseeable nature, and the aforementioned events occurred with no negligence on the part of Plaintiff.

**<u>COUNT I</u>**
**Plaintiff v. Defendant**
**(Negligence)**

18. Plaintiff hereby incorporates by reference the above allegations as though fully set forth herein and further alleges:

19. Parish was acting within the course and scope of his employment with the USPS while operating the USPS' postal delivery vehicle in St. Louis County, Missouri.

20. Under Missouri law, Parish owed Plaintiff a duty to operate the USPS motor vehicle in a careful and prudent manner so as not to endanger the property of another or the life or limb of any person and a duty to exercise the highest degree of care.

21. That the injuries and damages alleged by Plaintiff were directly and proximately caused by the negligence committed by Parish when he breached his duty in at least the following respects, to wit:

a. Parish failed to exercise the highest degree of care when he failed to keep a careful lookout while operating the USPS motor vehicle;

b. Parish failed to exercise the highest degree of care when he reversed the USPS

motor vehicle when it was unsafe to do so;

c. Parish failed to exercise the highest degree of care when he failed to observe Plaintiff's stopped and parked vehicle;

d. Parish failed to exercise the highest degree of care when he failed to yield or otherwise avoid the collision; and

e. Parish failed to exercise the highest degree of care when he allowed the USPS motor vehicle to come into contact with Plaintiff's vehicle.

22. That each and all of the aforesaid acts and violations of law by Parish, both of commission and of omission, were negligent and constituted negligence.

23. That each and all of the aforesaid acts and violations of law by Parish, both of commission and of omission, were a direct and proximate cause of the damages and injuries hereinafter described.

24. That as a direct and proximate result of the aforesaid acts by Parish, both of commission and of omission, Plaintiff suffered serious, painful, and permanent injuries including but not limited to his head, neck, back, and right hand.

25. That as a direct and proximate result of the aforesaid acts by Parish, both of commission and of omission, Plaintiff became sick, sore, lame, and disordered.

26. That as a direct and proximate result of the aforesaid acts by Parish, both of commission and of omission, Plaintiff has suffered, and will hereafter suffer, physical pain, suffering, mental anguish, inconvenience, physical impairment, and loss of capacity to enjoy life.

27. That as a direct and proximate result of these injuries, Plaintiff has been obliged to seek medical treatment and incur expenses.

28. As a direct and proximate result of these injuries, Plaintiff will require future

medical treatment and incur additional expenses.

29. That Plaintiff's aforesaid injuries are permanent, serious, and progressive in their nature.

30. That in addition to the personal injury damages sustained by Plaintiff and resulting from Parish's negligence, Plaintiff also suffered property loss for the damage to his vehicle.

WHEREFORE, Plaintiff Clarence Allen prays for a judgment against Defendant United States of America awarding damages in an amount necessary to fully and fairly compensate Plaintiff and consistent with 28 U.S.C. § 2675(b) together with costs herein expended, and for any further relief this Court deems just and proper.

**PLAINTIFF REQUESTS TRIAL BY THE COURT.**

Respectfully Submitted,

*/s/ Katrina A. Hudson*
Katrina A. Hudson #MO69576
**MORGAN & MORGAN**
120 S. Central Avenue, Suite 1100
Clayton, MO 63105
Tel: 314-655-9519
Fax: 314-655-9715
Email: katrina.hudson@forthepeople.com
amy.alanis@forthepeople.com
cara.miller@forthepeople.com
**ATTORNEY FOR PLAINTIFF**